IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALICE FARE ASONGWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-668-G (BH) |
| | § | |
| WASHINGTON MUTUAL CARD | § | |
| SERVICES and subsidiaries | § | |
| | § | |
| Defendant. | § | Pretrial Management |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to Special Order No. 3-251, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is Defendant's *Motion to Dismiss* (docket #14), filed June 5, 2009. Based on the pertinent filings and applicable law, the Court finds that the motion should be **GRANTED**.

### I. BACKGROUND

This is an employment discrimination case. On March 13, 2006, defendant Washington Mutual Card Services hired plaintiff Alice Asongwe to work as a credit counselor. (Docket #1 at 2, hereinafter "Compl."). Asongwe contends that during her time at Washington Mutual, she experienced a hostile work environment, including an incident in which one coworker hit her right shoulder. (*Id.* at 3). Approximately three and a half months after being hired, Asongwe sustained an injury to her right foot while at work. *Id.* Asongwe contends that after her doctor recommended foot surgery, her manager told her she might not be allowed to return to work. *Id.* Asongwe also contends that when she informed her human resources director about her medical condition, the

director said there was nothing wrong with her.  (*Id.* at 3).  Washington Mutual dismissed Asongwe on April 12, 2007.  After her termination, Asongwe completed an intake questionnaire for the Equal Employment Opportunity Commission ("EEOC").  (Docket #5).  The questionnaire names Washington Mutual and alleges discrimination based on race, sex, age, disability, national origin, color, and retaliation.  (*Id.* at 2).

Asongwe filed this action on April 11, 2009.  Her complaint asserts a cause of action for employment discrimination under Title VII (42 U.S.C. § 2000e, *et seq.*), the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12111, *et seq.*), the Rehabilitation Act (29 U.S.C. § 701, *et seq.*), and the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. § 630, *et seq.*).  (Compl. at 1, 3-4).  In her complaint, Asongwe avers that she filed a timely charge of discrimination with the EEOC.  (*Id.* at 1).  She also avers that she did not receive a right-to-sue letter.  *Id.*

Washington Mutual filed its motion to dismiss pursuant to Rule 12(b)(1) on June 5, 2009.  Plaintiff filed an untimely affidavit and motion for continuance in response, and the issue is now ripe for review.

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998); *see also Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998) (citation omitted). "If sufficient, those allegations alone provide jurisdiction." *Patterson*, 644 F.2d at 523. Facial attacks are usually made early in the proceedings. *Id*. Where the defendant supports the motion with evidence, then the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001); *Rodriguez*, 992 F. Supp. at 879.

In this case, Washington Mutual presents a factual attack because its motion is predicated on the EEOC Intake Questionnaire filed by Asongwe on April 20, 2009 (doc. 5).[1] Accordingly, the Court does not presume the allegations in Asongwe's complaint to be true and evaluates for itself the merits of the jurisdictional claim. *Williamson*, 645 F.2d at 413.

---

[1] Although Asongwe's April 11, 2009 complaint states that her EEOC charge is attached as an exhibit, no exhibit is attached. (*See* Compl. at 1-2).

## III. ANALYSIS

Washington Mutual moves for dismissal of Asongwe's action for lack of subject matter jurisdiction because she failed to exhaust her administrative remedies by filing a proper charge of discrimination with the EEOC. (Mot. at 1, 2, ¶4).

Employment discrimination plaintiffs must exhaust their administrative remedies before pursuing claims in federal court. *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Exhaustion under Title VII requires filing a timely charge of discrimination with the EEOC and receipt of a "right-to-sue" letter. 42 U.S.C. § 2000e-5 (e) and (f); *see also Taylor*, 296 F.3d at 379. The exhaustion requirements of Title VII also apply to the claims raised under the ADA and the Rehabilitation Act. 42 U.S.C. § 121117(a) (ADA incorporating by reference the procedures applicable to actions under Title VII); 29 U.S.C. § 794(d) (standards of ADA apply to Rehabilitation Act); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (ADA claim must comply with Title VII's administrative prerequisites prior to commencing an action in federal court); *Prewitt v. U.S. Postal Serv.*, 662 F.2d 292, 304 (5th Cir. 1981) (Rehabilitation Act subjects plaintiffs to same administrative constraints as Title VII). For suits filed under the ADEA, exhaustion only requires a plaintiff to wait 60 days after filing a timely charge of discrimination with the EEOC; a right-to-sue letter is not a precondition to suit. 29 U.S.C. § 626(d); *Julian v. City of Houston, Tex.*, 314 F.3d 721, 725 (5th Cir. 2002). Exhaustion "serves the dual purposes of affording the EEOC and the employer an opportunity to settle the dispute through conciliation, and giving the employer some warning as to the conduct about which the employee is aggrieved." *Hayes v. MBNA Tech., Inc.*, 2004 WL 1283965, at *3 (N.D. Tex. June 9, 2004) (Fitzwater, J.) (*citing Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974), and *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455,

466 (5th Cir. 1970)).  A plaintiff's failure to exhaust administrative remedies deprives the court of jurisdiction over Title VII claims.  *See Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir. 1997).

In this case, although Plaintiff's complaint alleges that she filed the charge of discrimination attached to her complaint, no charge is attached.  Nine days later, she separately filed an EEOC intake questionnaire with the Court.  Washington Mutual contends that the EEOC intake questionnaire fails to constitute a proper charge of discrimination because it does not request a remedy.  (*Id.* at 2, ¶5).  In *Federal Express Corp. v. Holowecki*, the Supreme Court recently held that for an EEOC filing to be deemed a proper charge of discrimination in an ADEA case, it must contain an allegation, the name of the charged party, and a request for remedial action.  128 S.Ct. 1147, 1157-58 (2008).  Here, the intake questionnaire completed by Asongwe states the name of the charged party and an alleges discrimination, but it fails to contain a request for remedial action.  (*See* docket #5).

Although Asongwe is *pro se*, her omission of a request for the EEOC to act does not excuse her from failing to initiate the EEOC investigative process as required under the regulations.  *Federal Express*, 128 S.Ct. at 1158 (rejecting a more permissive standard for *pro se* pleadings because the EEOC charge is designed for a layperson to initiate the administrative process); *see* 42 U.S.C. §§ 2000e-5 (b), 121117(a); 29 U.S.C. §§ 626(d), 794(d) (requirement of a charge of discrimination to be filed with EEOC).  Since the intake questionnaire fails to request remedial action by the EEOC, it cannot be deemed a proper charge of discrimination.  *Federal Express*, 128 S.Ct. at 1158; *Evenson*, 2008 WL 4107524, at *7.  A number of federal courts, including two within this district, have extended the holding of *Federal Express* to Title VII.  *Mathirampuzha v. Potter*, 548 F.3d 70, 77 n.5 (2d Cir. 2008) (applying *Federal Express* to Title VII claims); *Semsroth v. City*

*of Wichita*, 304 Fed.Appx. 707, 713 (10th Cir. 2008) (same); *Evenson v. Sprint/United Mgmt. Co.*, 2008 WL 4107524, at *7 (N.D. Tex. Aug. 21, 2008) (same); *Roberts v. Unitrin Specialty Lines Ins. Co.*, 2008 WL 3832223, at *3 (N.D. Tex. Aug. 14, 2008) (same); *see also E.E.O.C. v. Commercial Office Prods. Co.*, 486 U.S. 107, 123-24 (1988) (filing provisions of ADEA patterned after those of Title VII).

Asongwe carries the burden of proof to establish that jurisdiction exists over her claim. *Ramming*, 281 F.3d at 161; *Rodriguez*, 992 F. Supp. at 879.  She did not respond to Washington Mutual's motion to dismiss, but in a sworn affidavit filed three days after the response deadline, she averred that she "requested that the EEOC take action to remedy the discrimination" and argues that the intake questionnaire can constitute a proper charge. (Docket #17, at 2, ¶¶ 2-3).  Even construing her affidavit as an untimely response, her general averments do not establish that she filed a proper charge of discrimination with the EEOC.  In light of the EEOC intake questionnaire filed by Asongwe, and based on the holding in *Federal Express*, as extended by other courts in this district, the Court finds that Asongwe has not met her burden to show that she exhausted her administrative remedies by filing a proper charge of discrimination.  Accordingly, this Court does not have jurisdiction over Asongwe's employment discrimination claims, and Washington Mutual's motion to dismiss her complaint should be **GRANTED**.[2]  *Evenson*, 2008 WL 4107524, at *7 (N.D. Tex. Aug. 21, 2008) (granting Rule12(b)(1) motion to dismiss for failure to exhaust administrative remedies because claimant's intake questionnaire did not satisfy requirements for a charge of discrimination).  Because the recommended dismissal is based on a lack of jurisdiction, her claims

---

[2] Asongwe's admission that she never received a notice of right-to-sue provides an additional basis for dismissal of her claims brought under Title VII, the ADA, and the Rehabilitation Act. (Compl. at 1) (admission that she never received notice of right to sue); *Taylor*, 296 F.3d at 379 (exhaustion under Title VII, ADA, and Rehabilitation Act require receipt of notice of right-to-sue).

should be **DISMISSED** without prejudice.[3]

## IV. CONCLUSION

Washington Mutual's *Motion to Dismiss* (docket #14), filed June 5, 2009, should be **GRANTED**. Asongwe's Title VII, ADA, Rehabilitation Act, and ADEA claims should be **DISMISSED** without prejudice pursuant to Rule 12(b)(1) for failure to exhaust administrative remedies.

**SO RECOMMENDED** on this 10th day of July, 2009.

*[signature]*
**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Washington Mutual urges the Court to dismiss Asongwe's claims with prejudice (Mot. at 3, ¶8), but dismissals on jurisdictional grounds are without prejudice. *Hitt v. City of Pasadena*, 561 F.3d 606, 608 (5th Cir. 1977).